IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEROME CREIGHTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 07-3061-CV-S-DW |
| | ) | No. 02-3110-02-CR-S-DW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondant. | ) | |

**ORDER**

On February 26, 2007, Movant filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Movant raised three issues in his motion: that the Court violated his 6th Amendment confrontation right when it permitted the FBI agent to testify regarding co-defendant's redacted statements; violation of due process arising from the Court allowing the government to "alter" the indictment to add an aiding and abetting charge; and ineffective assistance of counsel arising from counsel's failure to request a continuance and raise the aforementioned grounds on appeal.

**Right of Confrontation**

Movant states that his right to confrontation was violated when the court permitted an "FBI agent [Thomas P. MacDonald] to testify regarding [co-defendant Washington's] redacted statement, without declaring co-defendant unavailable." Doc. 1. Movant argues that the admission violated the Supreme Court's holding in Cruz v. New York that the admission of incriminating out-of-court statements by a co-defendant violates the 6th Amendment. Bruton v. United States, 391 U.S. 123, 136 (U.S. 1968).

Unlike Bruton, however, the out-of-court statements here were redacted to exclude any

material that incriminated Movant. United States v. Boone, 437 F.3d 829, 837 (8th Cir. 2006). Accordingly the Bruton concerns and Confrontation Clause implications were not present in this case. See Richardson v. Marsh, 481 U.S. 200, 207 (1987).

Movant argues that Agent MacDonald's testimony that Washington contacted "others" involved in the robbery removes this case from the Richardson redaction protections.[1] See Gray v. Md., 523 U.S. 185, 193 (U.S. 1998) (confession redacted in such a way so that the statement so closely resemble Bruton's unredacted statements). Unlike in Gray, Agent MacDonald merely responded affirmatively to a single question regarding contacting "others." The evidence did not point directly at the accused or leave the jury but with one conclusion. See United States v. Logan, 210 F.3d 820, 823 (8th Cir. 2000). Accordingly, this case is one of the exceptions noted by the Supreme Court where to whom "others" refers is not so clear as to implicate 6th Amendment concerns. Id. at 194-95.[2]

Further, a defendant procedurally defaults on a claim where he fails to raise in on direct appeal. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005), *quoting* Bousley v. United States, 523 U.S. 614, 622, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). The claim thus can only be raised in habeas if defendant can show (1) cause and actual prejudice or (2) that he is actually innocent. Id.

While the 8th Circuit did mention the Bruton issue on appeal, it was in the context of the district court's denial of the Motion to Sever. Accordingly, Movant failed to raise this issue on

---

[1] Q. Did he advise you that he used a walkie-talkie during that robbery to contact others involved in the robbery?
 A. Yes, sir.

[2] Further, based on the totality of the evidence, Movant cannot show harm resulting from the inclusion of this evidence.

direct appeal. Movant does not argue actual innocence but instead argues that his failure to raise the issue was due to ineffective counsel. Regardless of the merits of this argument, Movant cannot show prejudice due to the redacted nature of the statements discussed above.

## Due Process Right

Movant next argues that his due process rights were violated when the Court instructed the jury on aiding and abetting. Despite his argument otherwise, "[i]t is well established that a defendant may be convicted of aiding and abetting even though he was not charged in that capacity." United States v. Clark, 980 F.2d 1143, 1146 (8th Cir. 1992) ("Aiding and abetting is an alternative charge in every count, whether implicit or explicit.").

Further, as with the above claim, Defendant procedurally waived this issue when he failed to raise it on direct appeal. He also cannot, as with above, show prejudice resulting from his counsel's failure to raise the issue since the law is clear on this point.

## Ineffective Assistance of Counsel

Movant's remaining claim is for ineffective assistance of counsel. On a 28 U.S.C. § 2255 ineffective assistance of counsel claim, Movant bears the burden of proving that (1) counsel performed deficiently and (2) that the deficient performance prejudiced his defense. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Movant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Movant argues that counsel was ineffective since she (1) failed to raise the two issues above and (2) failed to file for a continuance after Lani Dvorak was permitted to testify.

Prejudice resulting from counsel's failure to file a motion occurs only if the motion would have been successful. United States v. Johnson, 707 F.2d 317, 320 (8th Cir. 1983). As to the failure to raise the above issues, as already stated, both motions would have been unsuccessful. Movant has not shown and cannot show that the filing of these motions would have had any impact on his case.

As to counsel's failure to request a continuance, Movant cannot show that counsel performed deficiently. As stated by the Government, Movant's counsel attempted to use Ms. Dvorak's testimony to disassociate Movant from the other co-Defendants. It does not appear that anything would have been gained from requesting a continuance. United States v. Weir, 657 F.2d 1005, 1008 (8th Cir. 1981) ("[T]he trial counsel's choice of trial strategy, even when later proved incorrect, does not without more amount to ineffective assistance of counsel). Movant has thus failed to show both that counsel performed deficiently and that this performance prejudiced the outcome of the case.

A Court need not grant an evidentiary hearing on a §2255 where the "motion, files and record conclusively" show that Movant is not entitled to relief. United States v. Regenos, 405 F. 3d 691, 694 (8th Cir. 2005). The Court may also deny a hearing where the record contains all the information necessary to rule on the motion. Covey v. United States, 377 F.3d 903, 909 (8th Cir. 2004). Based upon the above, the Court finds that Movant is not entitled to an evidentiary hearing.

Accordingly, the Court hereby DENIES Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1).

Further, for the reasons set forth in this Order, the Court finds that Petitioner has failed to make a substantial showing that he has been denied constitutional rights. 28 USCS § 2253(c)(2);

Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000).  Accordingly, he is denied a certificate of appealability.


Date:   August 17, 2007                                  /s/ Dean Whipple                
                                                                                                   Dean Whipple
                                                                          United States District Judge